# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERISTY HOSPITAL, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC, ST. CHRISTOPHER'S HEALTHCARE, LLC, PHILADELPHIA ACADEMIC MEDICAL ASSOCIATES, LLC, HPS OF PA, L.L.C., SCHC PEDIATRIC ASSOCIATES, L.L.C., ST. CHRISTOPHER'S PEDIATRIC URGENT CARE CENTER, L.L.C., SCHC PEDIATRIC ANESTHESIA ASSOCIATES, L.L.C., STCHRIS CARE AT NORTHEAST PEDIATRICS, L.L.C., TPS OF PA, L.L.C., TPS II OF PA, L.L.C., TPS III OF PA, L.L.C., TPS IV OF PA, L.L.C. and TPS V OF PA, L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>HURON CONSULTING SERVICES LLC,<br><br>Defendant. | Adv. Proc. No. 22-50263 (MFW) |

## ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 548 & 550

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

Huron Consulting Services LLC ("Huron"), by and through its undersigned counsel, files this *Answer* ("Answer") to the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 548 and 550* ("Complaint") filed by the above-captioned plaintiffs ("Plaintiffs") in the above-captioned, jointly administered bankruptcy cases ("Bankruptcy Cases").

Huron denies each and every allegation contained in the Complaint except as specifically admitted herein.

## NATURE OF ACTION

1. The allegations in Paragraph 1 of the Complaint include legal conclusions to which no response is required. To the extent a response is required, Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and the same are therefore denied.

2. The allegations in Paragraph 2 of the Complaint include legal conclusions to which no response is required. To the extent a response is required, Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and the same are therefore denied.

3. The allegations contained in paragraph 22 of the Complaint constitute a statement of intention and reservation of rights to which no response is required. To the extent a response is required, DNC denies that Plaintiff is entitled to amend the Complaint to seek recovery of any transfers not specifically identified in the Complaint or identified in an amendment to the Complaint that relates back to the original Complaint,

## THE PARTIES

4. Huron admits the allegations in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 of the Complaint include legal conclusions to which no response is required. To the extent a response is required, Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and the same are therefore denied.

6. Huron admits the allegations in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 of the Complaint include legal conclusions to which no response is required. To the extent a response is required, Huron denies the same.

**JURISDICTION AND VENUE**

8. Huron admits the allegations in Paragraph 8 of the Complaint.

9. Huron admits the allegations in Paragraph 9 of the Complaint.

10. The allegations in Paragraph 10 of the Complaint include legal conclusions to which no response is required. To the extent a response is required, Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and the same are therefore denied. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Huron affirms its consent to the entry of final orders or judgments by the Bankruptcy Court.

11. Huron admits the allegations in Paragraph 11 of the Complaint.

**FACTS**

12. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and the same are therefore denied.

13. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and the same are therefore denied.

14. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and the same are therefore denied.

15. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and the same are therefore denied.

16. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and the same are therefore denied.

17. Huron admits that Paladin engaged Huron to provide services in connection with a transaction involving Paladin, Hahnemann University Hospital, and St. Christopher's Hospital for Children (together, the "Debtor Hospitals") pursuant to an engagement letter but denies the remainder of the allegations in Paragraph 17 of the Complaint.

18. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and the same are therefore denied.

19. Huron admits that it entered into an amendment to the Engagement Letter on April 6, 2018, under which the fees payable under the Engagement Letter were reduced to $620,458.79 but denies the remainder of the allegations in Paragraph 19 of the Complaint.

20. Huron admits the allegations in Paragraph 20 of the Complaint.

21. Huron admits that the fees due pursuant to the Amended Engagement Letter were to be paid within thirty days of the Effective Date of the Amendment but denies the remainder of the allegations in Paragraph 21 of the Complaint.

22. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and the same are therefore denied.

23. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and the same are therefore denied.

24. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and the same are therefore denied.

25. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and the same are therefore denied.

26. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and the same are therefore denied.

27. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and the same are therefore denied.

28. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and the same are therefore denied.

29. Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and the same are therefore denied.

30. Huron admits that it was initially engaged by Paladin pursuant to the Engagement Letter but denies the remainder of the allegations in Paragraph 30 of the Complaint.

31. Huron admits that the aggregate amount of the Transfers is not less than $620,458.79 but denies the remainder of the allegations in Paragraph 31 of the Complaint. Exhibit A to the Complaint speaks for itself.

32. The allegations in Paragraph 32 of the Complaint include legal conclusions to which no response is required.

33. Huron admits the allegations in Paragraph 33 of the Complaint.

34. Huron admits the allegations in Paragraph 34 of the Complaint.

35. The allegations in Paragraph 35 of the Complaint include legal conclusions to which no response is required.  To the extent a response is required, Huron denies the same.

36. The allegations in Paragraph 36 of the Complaint include legal conclusions to which no response is required. To the extent a response is required, Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and the same are therefore denied.

37. The allegations in Paragraph 37 of the Complaint include legal conclusions to which no response is required. To the extent a response is required, Huron is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and the same are therefore denied.

## FIRST CLAIM FOR RELIEF

38. In response to Paragraph 38 of the Complaint, Huron incorporates its responses to all preceding Paragraphs as if set forth in full.

39. The allegations in Paragraph 39 of the Complaint include legal conclusions to which no response is required. To the extent a response is required, Huron denies the allegations of Paragraph 39 of the Complaint.

40. The allegations in Paragraph 40 of the Complaint include legal conclusions to which no response is required. To the extent a response is required, Huron denies the allegations in Paragraph 40 of the Complaint.

## SECOND CLAIM FOR RELIEF

41. In response to Paragraph 41 of the Complaint, Huron incorporates its responses to all preceding Paragraphs as if set forth in full.

42. The allegations in Paragraph 42 of the Complaint include legal conclusions to which no response is required. To the extent a response is required, Huron denies the allegations of Paragraph 42 of the Complaint.

43.  The allegations in Paragraph 43 of the Complaint include legal conclusions to which no response is required. To the extent a response is required, Huron denies the allegations of Paragraph 43 of the Complaint.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to state facts sufficient to constitute a claim for relief against Huron.

## SECOND ADDITIONAL DEFENSE

The Complaint fails to meet the requirements for fraudulent conveyance under the Bankruptcy Code. Defendant provided services that greatly benefitted the Debtor Hospitals, conferring more than reasonably equivalent value on them in exchange for the Transfers.

## THIRD ADDITIONAL DEFENSE

Huron is not liable to the Plaintiffs, and the alleged Transfers are not avoidable because, the Debtor Hospitals received reasonably equivalent value and consideration for the Transfers.

## FOURTH ADDITIONAL DEFENSE

The relief sought in the Complaint is barred by the doctrines of waiver, estoppel, laches, and unclean hands.

## FIFTH ADDITIONAL DEFENSE

The Plaintiffs cannot recover on the claims stated in the Complaint because they were not insolvent on the Petition Date.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Donna L. Culver*
          Donna L. Culver (No. 2983)
          1201 North Market Street
          P. O. Box 1347
          Wilmington, DE 19801
          Telephone:  (302) 658-9200
          Facsimile:  (302) 658-3989
          Email:  dculver@morrisnichols.com
              *Attorneys for Defendant*
              *Huron Consulting Services LLC*

OF COUNSEL:

J.B. Evans, Boise Bar No. 10537
Elijah M. Watkins, Boise Bar No. 8977
STOEL RIVES LLP
101 South Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone:  (208) 389-9000
Email:  jb.evans@stoel.com
       elijah.watkins@stoel.com

June 1, 2022