# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC, ST. CHRISTOPHER'S HEALTHCARE, LLC, PHILADELPHIA ACADEMIC MEDICAL ASSOCIATES, LLC, HPS OF PA, L.L.C., SCHC PEDIATRIC ASSOCIATES, L.L.C., ST. CHRISTOPHER'S PEDIATRIC URGENT CARE CENTER, L.L.C., SCHC PEDIATRIC ANESTHESIA ASSOCIATES, L.L.C., STCHRIS CARE AT NORTHEAST PEDIATRICS, L.L.C., TPS OF PA, L.L.C., TPS II OF PA, L.L.C., TPS III OF PA, L.L.C., TPS IV OF PA, L.L.C. and TPS V OF PA, L.L.C.,<br><br>    Plaintiffs,<br><br>v.<br><br>HURON CONSULTING SERVICES LLC,<br><br>    Defendant. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>Adv. Proc. No. 22-50263 (MFW)<br><br><br><br>Re: Docket No. 15 |

## PRE-TRIAL SCHEDULING ORDER

The above-captioned plaintiffs in this adversary proceeding (the "**Plaintiffs**") and Huron

Consulting Services LLC (together with Plaintiffs, the "**Parties**"), having held the discovery

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

planning conference described in Fed. R. Civ. P. 26(f), made applicable in this adversary proceeding by Fed. R. Bankr. P. 7026, have agreed to the following dates and deadlines for this adversary proceeding:

1. **<u>Discovery Planning Conference</u>.** The requirement of a discovery planning conference pursuant to Fed. R. Civ. P. 26(f) is satisfied by the Parties' agreement to the terms of this Order.

2. **<u>Mediation</u>.** The Parties will work in good faith to select a mediator for this adversary proceeding (the "**Mediator**") and the Parties shall work with the Mediator to schedule and hold a mediation on or before October 28, 2022. If the Parties are unable to agree on a Mediator, the Court shall select the Mediator.

3. **<u>Initial Disclosures</u>.** The Parties shall provide the initial disclosures required by Fed. R. Civ. P. 26(a)(1) no later than ten (10) days after the pre-trial conference in this adversary proceeding scheduled for June 29, 2022.

4. **<u>Fact Discovery</u>.** All fact discovery shall be initiated consistent with applicable rules of procedure so that fact discovery including depositions of fact witnesses are completed by October 31, 2022.

5. **<u>Expert Reports</u>.** The Parties shall provide expert reports for any issue on which they bear the burden of proof by October 31, 2022. Any expert report by any of the Parties intended to rebut any other expert report shall be provided by December 1, 2022. Reply expert reports from the party with the initial burden of proof shall be provided by December 16, 2022. No other expert reports will be permitted without either the consent of all parties or leave of the Court. All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B). Along with the submissions

of the expert reports, the parties shall advise of the dates and times of their experts' availability for depositions.

6. **<u>Expert Discovery</u>.** All expert discovery shall be completed by, and discovery shall close on, January 13, 2023.

7. **<u>Objections to Expert Testimony</u>.** To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

8. **<u>Discovery Disputes</u>.** Del. Bankr. L.R. 9013-1(b) notwithstanding, the parties shall not file discovery motions unless the Court requests briefing. Should counsel find they are unable to resolve a discovery dispute following an appropriate meet and confer, the party seeking the relief shall contact chambers to schedule a telephone conference. The Court will attempt to resolve the dispute before the need to engage in motion practice. If the dispute cannot be resolved during the initial teleconference, the Court will set appropriate briefing based upon the issues to be addressed.

9. **<u>Dispositive Motions</u>.** All dispositive motions shall be filed and served by February 13, 2023 and shall be subject to the Local Rules governing dispositive motions in adversary proceedings, including Local Rules 7007-1 to 7007-4.

10. **<u>Status Conference</u>.** Following submission of dispositive motions, or the lapse of the deadline set forth in Paragraph 9 above with no dispositive motions having been filed, the Parties may contact the Court to schedule a status conference to discuss, among other things, the scheduling of a pre-trial conference and trial.

11. The Parties may modify the deadlines set forth herein by (i) mutual agreement (other than with respect to hearing dates, which shall be subject to the Court's availability) or (ii) upon request and further order from the Court, which request may be granted for good cause. The Parties agree to act in good faith in discussing any extension to any deadline.

12. The Parties agree that service by e-mail on all other Parties of discovery requests and written responses is sufficient.

13. This terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: June 27th, 2022
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

4